Bell *v.* Ham.

## BELL *v.* HAM.

The extent of an execution upon land of which the debtor is in possession as tenant at will, gives the creditor seizin, and all the interest which the debtor had at the time of the levy.

Where a demandant has proved actual seizin, it is not admissible for the tenant to prove title in a stranger, unless the effect of such proof be to rebut the evidence of the plaintiff's seizin.

WRIT OF ENTRY to recover seizin and possession of a tract of land situated in Stratham.

Plea the general issue; and a verdict was taken for the plaintiff subject to the opinion of the court.

The plaintiff offered in evidence an execution in his favor against the defendant, and a levy under that execution upon the demanded premises February 14, 1842. Evidence was also offered showing that at the time the levy was made upon the land, the defendant with his wife and children were in the occupation of the premises in question.

The defendant then offered in evidence a quitclaim deed from one Asa Merrill to Lydia Ham of the demanded premises, dated August 3, 1831, and acknowledged and

recorded the same day. Also a deed from said Lydia
Ham dated and acknowledged August 18, 1832, and re-
corded March 18, 1833, conveying the same premises to
Jane Ham, wife of said Charles Ham, and Lydia Ann
Ham, and Sarah Garvin Ham, children of said Jane and
Charles Ham, and the survivor of them and the heirs and
assigns of the survivor of them for ever.

To have and to hold the said granted premises with the
appurtenances to them the said Jane, Lydia Ann, and
Sarah, and the survivors of them, and the heirs and assigns
of the survivors of them, for ever, to and for the following
uses and purposes : to wit,

To the use and benefit of the said Lydia Ham for and
during the term of her natural life, and after the termina-
tion thereof, to and for the use of the said Jane, Lydia
Ann, and Sarah, and their heirs and assigns, in equal
shares for ever.

The defendant contended that this action could not be
maintained upon the foregoing state of facts. But the
court ruled otherwise, to which ruling he excepted, and
moved to set aside the verdict and for a new trial.

*Bell*, for the plaintiff.

*Marston*, for the defendant.

GILCHRIST, J. If we assume that Asa Merrill was seized
in fee of the premises in controversy at the time when he
made his deed to Lydia Ham, on the 3d of August 1831,
it follows that by her deed to Jane Ham and others of
the 18th of March 1833, the same became vested in those
grantees for the uses therein declared. These uses were
executed by the statute, and the land became of course
vested in Lydia Ham for life, with remainders as limited
in the deed.

The defendant was in possession; and as it must in the

absence of further evidence be inferred, as tenant at will to Lydia. But under the general issue, a tenant in a real action can not set up title in another person, except for the purpose of rebutting the evidence of the plaintiff's seizin. *Bailey* v. *March*, 3 N. H. 274; *Enfield* v. *Permit*, 8 do. 512. And where the seizin of the demandant has been proved, evidence of title in another can not be introduced by a defendant.

Such seems to be the fact in the present case. The statute provides (N. H. Laws 102) that upon the extent of an execution upon lands, "the sheriff shall deliver possession and seizin thereof to the creditor or his attorney," and make return of his acts upon the completion of the levy; therefore the plaintiff became seized and possessed of the land, and the return is complete evidence of the fact. It can not therefore be met by evidence that a third party, not in possession at the time of this transaction, had really a title to the land. It is sufficient, if that is the case, that the law has provided her the means to vindicate her rights if she see fit to do so. The plaintiff is not to be required to enter into a contest with this defendant concerning the rights of another, for if he prevail, the result will not be conclusive of her rights.

It is well settled that the extent of an execution upon land in which the debtor has any interest, though less than a freehold, transfers that interest to the creditor. *Adams* v. *French*, 2 N. H. 387. There must therefore be

*Judgment on the verdict.*