## CRESSY *v.* SAWYER & a.

The levy of an execution upon the land of the debtor, in his possession, with delivery of seizin by the officer, enables the judgment creditor to maintain trespass against the debtor and others, afterward found in possession against his will.

TRESPASS, for breaking and entering the plaintiff's close in Bradford.

The plaintiff claimed title under the levy of an execution made November 30, 1844, which execution issued on

a judgment recovered by him November 19, 1844, against the defendant, William Sawyer. The land was attached on the plaintiff's original writ, December 23, 1841, and in that suit the defendant, William Sawyer, pleaded his discharge in bankruptcy; to which the plaintiff replied his attachment aforesaid, and took judgment against the property attached; and the levy was made of the execution issued on that special judgment. The officer's return, in the usual form, stated the fact that he had delivered seizin to the plaintiff.

The land belonged to William Sawyer at the time of the attachment, and he remained in possession till the time of the alleged trespass, in April, 1845, and Joshua D. Sawyer, his son, was on the land with him and under him.

The plaintiff, before the trespass complained of, demanded possession of the land, which the defendants refused.

The jury found a verdict for the plaintiff, which the defendants moved to set aside.

*Tappan*, for the plaintiff, cited *Rising* v. *Stannard*, 17 Mass. 282; *Phillips* v. *Covert*, 7 Johns. 1; *Langdon* v. *Potter*, 3 Mass. 314; *Gore* v. *Brazier*, 3 Mass. 323; *Barrett* v. *Porter*, 3 Mass. 143; *Bowne* v. *Graham*, 2 Tyler 411; *Farnsworth* v. *Converse*, 1 D. Chip. 139; Washburn's Dig. 783.

*Chase*, and *Perley*, for the defendants.

WOODS, J. The title of the plaintiff to the land alleged to have been trespassed upon by the defendants, was acquired by the levy of an execution against William Sawyer, one of the defendants, who was the owner of the land, and in possession of it before and at the time of the levy. No question is made of either of these facts, nor

Cressy *v.* Sawyer.

do either of the parties set up any title under the assignee in bankruptcy. The levy was in due form, and passed the title. to the plaintiff, and in pursuance of the statute the officer, as the return shows, delivered seizin and possession. No exception is taken to the sufficiency or regularity of the levy.

But the defendants were in possession of the premises, and so continued until after the plaintiff requested them to leave them, and until after the trespass complained of; and the question is, whether by such acts they became trespassers as against the plaintiff, whose only possession is under and by virtue of the levy.

After the levy the defendants could have been regarded only as tenants at sufference; and that relation was determined by the demand of possession, made by the plaintiff before commencing his action, and the act of the defendants, in remaining in possession afterward, was a trespass.

It has been decided in Massachusetts that where an execution is regularly levied on lands of the judgment debtor, and duly returned and registered, and seizin and possession delivered by the sheriff to the creditor, he may, by virtue of the seizin and possession, maintain trespass against the debtor who shall continue his possession after the levy, without the plaintiff's consent.

In *Langdon* v. *Potter*, 3 Mass. 214, it was held that in such a case the judgment creditor may, by virtue of his seizin and possession, maintain either a real action, counting on his own seizin, or an action of trespass against the judgment debtor, who should remain in possession without the creditor's consent.

To the same effect is the doctrine of *Gore* v. *Brazier*, 3 Mass. 523, in which it is said that in such case, the creditor, after a regular levy and delivery of possession, is to be regarded as being in the actual seizin and possession,

and may maintain a real action or trespass against the debtor continuing in possession after the levy.

The same doctrine has been recognised in this State, *Bell* v. *Ham*, 16 N. H. Rep. 302, in which it was held that an extent of an execution gave seizin to the creditor, as against the judgment debtor in possession.

We have no hesitation in holding in the present case that the defendants were trespassers after the levy and demand of possession.

                                        *Judgment on the verdict.*